## Wabash Railroad Co. v. Richard M. Jenkins.

1. EVIDENCE — *When Photographs are Admissible.* — Photographs may be received in evidence, under certain circumstances, to assist the jury in understanding the case, provided they are verified by proof as being true representatives of the subject.

2. ORDINARY CARE—*In Crossing Railroad Tracks.*—A person driving a team, when about to cross a railroad track, must exercise ordinary care to ascertain whether or not a train is approaching.

**Action in Case,** for personal injuries. Trial in the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed September 20, 1899.

GEORGE B. BURNETT, attorney for appellant.

WILSON & BUCKINGHAM and L. M. KENT, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellee sued appellant for personal injuries received in being struck by a passenger train at Germantown, alleged as the result of negligence while he was in the exercise of ordinary care for his own safety. The declaration contains five counts, the third being abandoned, which charge that the train was managed negligently; that it was run at a high and dangerous speed, and with failure to give statutory signals; and at a speed exceeding the limit prescribed by the village ordinance.

The evidence developed that Jenkins, a man sixty eight years of age, on or about October 15, 1898, approached the railroad as he was driving north on Bowman avenue toward his home, with a spirited team, one a runaway, in a trot, and with a farm wagon having upper sideboards on, in which he was taking a few articles of household nature, and had been hauling corn. It was a gravel road, and withal in driving appellee seemed to create considerable noise. A tall hedge on the right of way for the most part shut off a view east up the tracks as one approached from the south, except for a gap which at a given point permitted such a view. Appellee had passed up and down here many times, and knew the general condition of things; but it does not appear that he looked up the tracks this time, nor did he stop or slacken the team to listen. There is a sharp conflict in the evidence as to whether the whistle was blown or the bell rung as the train came on for this crossing, and as to the speed; though the rumble of the train, it seems, was audible enough to apprise persons there and elsewhere of its approach. When appellee, still driving in a trot, came within twelve or fifteen feet of the track the train was on, he discovered the engine bearing down close, and made one quick attempt to stop, but found the horses intractable and bound to cross; so he then slapped them with the lines to hasten their crossing. The effort was too late; appellee was struck and received serious and permanent injuries to his eye and several lesser injuries to other parts of his body.

The village, by ordinance then in force, had limited the speed of passenger trains within its precincts to ten miles an hour.

Trial by jury, resulting in a verdict against appellant for $1,600, and final judgment thereon being rendered, it appeals to this court and assigns as error refusal of the court to grant a new trial, and to give proper instructions asked, and in refusing to admit proper evidence it offered.

During the progress of the trial appellant did offer four photographs of the immediate locality of the casualty, taken nearly or quite a month after the accident, and any changes at the place, if any, were explained by the evidence. It is not contended these photographs would be conclusive of anything, as of course they need not be, to constitute evidence; but they would tend to show some things material to the issues of this case, and might well have been admitted for what they were worth, as is frequently done. The conclusion of the court is, the photographs should have been admitted, although, it may be, their rejection would not alone be reversible error. In the case of C., C., C. & St. L. Ry. Co. v. Monaghan, 140 Ill. 474, although adverse to the contention that photographs were admissible in that case, it is said some authorities hold that photographs may be received in evidence, under certain circumstances, to assist the jury in understanding the case, provided they are verified by proof as being true representatives of the subject. Such was practically done in this case, and, while a blue print plan of the same locality was admitted, still the photographs would assist in a correct understanding of the matters as a whole.

An instruction asked by appellant and refused by the court is as follows:

" If the jury believe from the evidence that as the plaintiff drove upon the railroad of the defendant his view of the approaching train was obstructed, that he had knowledge of such obstruction before attempting to drive upon the railroad, and that he drove upon the railroad without taking all reasonable precautions to ascertain whether or not a train was approaching, and if the jury believe from the evi-

dence that in the manner in which he approached said cross-ing he failed to exercise ordinary care and prudence for his own safety, then the law is that the plaintiff can not recover, and the jury must find the defendant not guilty, independ-ently of all other questions in the case." °

This is the only instruction asked upon that particular view of the case, and it is presented in none other; and that it is based upon the evidence, and reasonable, there can be no question; for if by the rattle and noise of the vehicle one mode of determining the approach of the train was eliminated, and appellee had knowledge of the hedge as preventing, in whole or in part, such a determination in another way, then surely the jury must consider these matters, together with all the evidence, in determining the question of ordinary care and contributory negligence pre-sented. As the jury were to consider those matters appel-lant had a right to have a proper instruction in relation to them. The instruction is considered proper, and in the lack of another with similar application it was error to refuse it.

Appellant complains of the refusal of certain other instruc-tions. For the most part they are repetitions on the sub-jects of ordinary care and contributory negligence, upon which six of appellant's given instructions were based. These instructions present nothing new or different from those given and there was no error in the refusal. An instruction to the effect that although a person suddenly confronted with danger may be excused for not exercising the deliberate judgment of others in less exciting situations, yet can not avail himself of such dangerous situation as an excuse for his conduct after getting into such place of danger, where he brought it upon himself by failure to exercise ordinary care, was properly refused for its lack of the specification as to ordinary care and application to rea-sonable persons in the exercise of that care. Another instruc-tion, averring a bar to recovery if slight negligence on the part of appellee contributed to the injury, and still another, adding that such is the law even if appellant was guilty of gross negligence, were properly refused; for the propositions

People v. Darrah.

contained are equivalent to the statement that if appellee was guilty of contributory negligence, or want of ordinary care, he could not recover; and this was, we think, sufficiently given in other instructions.

For the error indicated, however, the judgment of the Circuit Court will be reversed and the cause remanded.